FILED
**Aug 15, 2023**
**11:45 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **WILLIAM BISHOP,** | ) | **Docket No.: 2022-08-1388** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ARJ, INC. d/b/a MR. ROOTER** | ) | |
| **PLUMBING,** | ) | **State File No.: 801267-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **BRIDGEFIELD CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |

_____

## EXPEDITED HEARING ORDER GRANTING BENEFITS

_____

Mr. Bishop requested medical benefits for a right arm, elbow and shoulder injury. ARJ denied his claim on grounds that it participated in Tennessee's Drug Free Workplace Program (DFWP) and Mr. Bishop refused a drug test. Further, Mr. Bishop seeks elbow surgery recommended by Dr. Norfleet Thompson and attorney's fees for wrongful denial of his claim.

The Court finds that ARJ did not submit proof that it participated in the DFWP. The Court also holds that Mr. Bishop likely would prevail at a hearing on the merits as to his entitlement to elbow surgery. The Court declines to award attorney's fees at this time.

### History of Claim

Mr. Bishop injured his right arm, elbow, and shoulder on March 24, 2022, when he fell from a ladder. The parties agreed that Mr. Bishop returned to the office and reported the injury to General Manager Lynn Reese, but from there, accounts differ.

Mr. Bishop testified that he told Ms. Reese he was not injured and did not need to file a workers' compensation claim. He stated that on his drive home, he started to feel pain, and he called Ms. Reese stating that he needed to go to the doctor. He further said

1

that no one asked him to take a drug test after his injury, so he never refused drug testing. During his employment with ARJ, he had taken multiple drug tests without incident.

Ms. Reese, on the other hand, testified that she directed Mr. Bishop to the individual who handles ARJ's workers' compensation to submit a claim. Ms. Reese further said she informed Mr. Bishop if he wanted to pursue workers' compensation, he would have to undergo an immediate drug screening. She stated that after being informed of this, he declined to pursue his claim.

Ms. Reese testified that ARJ participates in the DFWP. As proof of its status, ARJ entered into evidence a Drug Free Workplace application dated July 26, 2021, and a memorandum of acceptance. The application lists "Johnson Appliance Company, LLC" as the applicant, and the memorandum notes that the Bureau of Workers' Compensation accepted the DFWP application of "Johnson Appliance Company, LLC."

Initial treatment for Mr. Bishop included x-rays on the date of injury, which showed no fractures or acute findings. Mr. Bishop returned a week later with pain in his elbow and right arm weakness, and he was referred to an orthopedic. Andrew Johnson, President of ARJ, testified he told Mr. Bishop to go to Campbell Clinic and offered to pay for his orthopedic treatment outside of workers' compensation.

Mr. Bishop saw orthopedic Dr. Henry Sherman at Campbell Clinic two weeks later. Dr. Sherman diagnosed a right elbow effusion with a probable elbow fracture. Dr. Sherman referred Mr. Bishop to physical therapy and gave him a splint. Dr. Sherman ordered an MRI, which showed a partial extensor tendon tear, and he then referred Mr. Bishop to Dr. Thompson.[1]

Dr. Thompson began conservative treatment, which included physical therapy and providing a strap for Mr. Bishop's use. Dr. Thompson also requested an ultrasound of the elbow. Utilization review denied the ultrasound initially but authorized it after Mr. Bishop appealed the denial. Dr. Thompson next injected Mr. Bishop's elbow, but when that did not help, he recommended surgery.[2]

Utilization review denied the elbow surgery because Mr. Bishop had not completed twelve months of conservative treatment as recommended by the official disability guidelines (ODG). Mr. Bishop appealed the denial, but the medical director upheld the denial. The appeal denial stated that the medical records suggest that right shoulder surgery is pending, and after therapy the elbow should be reevaluated.

---

[1] At the hearing, both parties agreed that Dr. Thompson is the authorized treating physician.
[2] Dr. Thompson also recommended a separate injection for Mr. Bishop's shoulder and said these two recommendations would not interfere with each other.

Dr. Thompson wrote a letter giving his reasons supporting the medical necessity of the elbow surgery. He explained that his extensive treatment plan had progressed from conservative care to surgery. Specifically, Mr. Bishop had not improved after injections, physical therapy, work restrictions, and persistent symptoms for more than a year.

## Findings of Fact and Conclusions of Law

### *Andrew Johnson's Testimony*

ARJ sought to exclude Mr. Johnson's testimony from the record. ARJ initially included Mr. Johnson on their list of witnesses they might call at the hearing. ARJ ultimately decided not to call Mr. Johnson, but Mr. Bishop called Mr. Johnson to testify as part of his evidence. ARJ objected on the grounds that Mr. Bishop did not disclose Mr. Johnson as a witness. Mr. Bishop argued that he could call Mr. Johnson as ARJ's party representative.

An injured worker must list any witnesses he intends to call at the expedited hearing on the request for the hearing under Tennessee Compilation Rules and Regulations 0800-02-21-.15(1) (February, 2022). Subsection -.15(1)(b) says that witnesses not disclosed in this way will not be considered unless good cause is shown for why the witness was not disclosed.

Here, Mr. Johnson, as party representative, was a valid witness for Mr. Bishop to call. Additionally, he was on ARJ's witness list and appeared at the hearing. This shows he was on notice that he might give testimony, albeit during ARJ's case-in-chief and not Mr. Bishop's. For these reasons, the Court finds good cause for why Mr. Bishop did not disclose Mr. Johnson as a witness and allows his testimony.

### *Drug Free Workplace Program*

An employee may not recover benefits when the injury was due to his intoxication or illegal drug use. Tenn. Code Ann. § 50-6-110(a)(3) (2023).

If the employer participates in the DFWP and the injured worker refuses to take a drug test, "it shall be presumed, in the absence of clear and convincing evidence to the contrary, that the proximate cause of the injury was the influence of drugs[.]" *Id.* at -110(c)(2). If an employer does not participate in the DFWP, the employer bears the burden of proving that the employee's intoxication or drug use was the proximate cause of the accident to avoid paying benefits. *Id.* at -110(b).

An employer seeking to participate in the DFWP must complete and file a drug free workplace application. Tenn. Code Ann. § 50-9-104(b). Where no evidence suggests that the employer filed an application for the DFWP covering the employee's date of injury,

the employer cannot be considered a participant of the DFWP, even if it complied with the program's requirements in previous years. *Bowlin v. Servall, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *11-12 (Feb. 8, 2018).

Close to a year after Mr. Bishop's injury, ARJ denied Mr. Bishop's claim due to a violation of ARJ's drug free workplace policy. Mr. Bishop argued that ARJ did not fully comply with the DFWP.

Here, ARJ provided a First Report of Injury for Mr. Bishop's injury, a DFWP application, and a memorandum from the Bureau noting acceptance of the DFWP application. The employer listed on the First Report of Injury and Petition for Benefit Determination is "ARJ, Inc." However, on both the DFWP application and the memorandum from the DFWP, the employer listed is "Johnson Appliance Company, LLC."

The Court finds these are legally separate entities, and ARJ provided no proof it submitted a valid DFWP application that would cover Mr. Bishop's date of injury. Thus, under *Bowlin*, ARJ cannot be considered a participant of the DFWP.

As ARJ did not participate in the DFWP at the time of Mr. Bishop's injury, it bears the burden of proof that Mr. Bishop's injury was caused by intoxication or drug use. No evidence shows that Mr. Bishop was intoxicated at the time of his injury. The Court holds that Mr. Bishop is entitled to workers' compensation benefits for his injury.[3]

*Medical Necessity of Surgery*

An employer has the right to submit medical treatment recommended by the authorized treating physician to utilization review for "evaluation of the necessity, appropriateness, efficiency and quality of medical care services[.]" Tenn. Code Ann. § 50-6-102(18). Dr. Thompson, as the authorized treating physician, has a presumption of medical necessity for his proposed elbow surgery under Tennessee Code Annotated section 50-6-204(a)(3)(H).

In *Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39 (Aug. 31, 2016), the Appeals Board discussed rebutting this presumption. It gave two methods by which ARJ might rebut the presumption of necessity of the proposed surgery. First, if the treating physician's recommended treatment does not "explicitly follow," or if it is not "reasonably derived," from the ODG, the employer can rebut the authorized physician's recommendation by a preponderance of the evidence. *Id.* at *19. Second, if the employee shows that the authorized physician followed the ODG in recommending treatment, the

---

[3] ARJ introduced evidence that Mr. Bishop has been prescribed opiates for an unrelated back injury. However, it offered no testimony that he was under the influence of opiates at the time of the injury.

employer must rebut the presumption of medical necessity by clear and convincing evidence. *Id.*

Here, the ODG recommends surgery after twelve months of failed conservative treatment. At the time that ARJ submitted Mr. Bishop's proposed elbow surgery to utilization review, it had been about nine months since his date of injury. However, Dr. Thompson's notes explain the extensive nonsurgical, conservative treatment that Mr. Bishop had undergone with no success.

The ODG are "guidelines" and not a "standard" or "mandate." *Stephens v. Quality Private Care d/b/a Volunteer Staffing, Inc.,* 2021 TN Wrk. Comp. App. Bd. LEXIS 20, at *13 (July 6, 2021). Further, "each individual clinical situation and patient [are] unique, and a proper application of the guidelines requires judgment." *Id.* (interior quotations omitted). Importantly, ARJ offered no proof, other than the utilization review report, on the medical necessity of the elbow surgery.

The Court finds that Dr. Thompson's elbow surgery recommendation, while not explicitly following the ODG, was reasonably derived from the guidelines. ARJ must then prove by clear and convincing evidence that the elbow surgery was not medically necessary. The Court holds that it did not, and thus the proposed elbow surgery is medically necessary.

*Attorney's Fees*

The Court may award attorney's fees where the employer "[w]rongfully denies a claim." Tenn. Code Ann. § 50-6-226(d)(1)(B). An award of attorney's fees at an interlocutory stage "should only be made in extremely limited circumstances" due to the incompleteness of proof at this stage, the standard of proof at expedited hearings, and the uncertainties inherent in litigation. *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *28-29 (Jan. 30, 2018).

Here, the Court finds that this case does not present one of the "extremely limited circumstances" contemplated in *Thompson* and thus declines to award Mr. Bishop attorney's fees at this time. He may renew the request at the compensation hearing.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Bishop's request for medical benefits, including the elbow surgery recommended by Dr. Thompson, is approved.

2. The Court sets a status hearing for **October 30, 2023, at 10:45 a.m. Central Time**. You must call **866-943-0014** to participate.

3. Unless interlocutory appeal of the expedited hearing order is filed, compliance with this order must occur no later than seven business days from the date of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer and/or the carrier must submit confirmation of compliance with this order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for noncompliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED August 15, 2023.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Employee's Medical Records
2. Midsouth Pain and Treatment Center Medical Records
3. Utilization Review Collective Records
4. First Report of Injury
5. Notice of Denial
6. Separation Notice
7. Drug Free Workplace Application and Memorandum
8. Drug Free Acknowledgement signed by William Bishop
9. Drug Test done at time of Mr. Bishop's hire
10. Drug Free Workplace Notice displayed at ARJ, Inc.

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice with additional issue email
3. Request for Hearing with Affidavit of William Bishop
4. Order Setting Expedited Hearing

5. Employee's Pre-Hearing Brief
6. Employer's Witness and Exhibit List
7. Employer's Pre-Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 15, 2023.

| Name | Email | Service sent to: |
|---|---|---|
| Monica Rejaei, Employee's Attorney | X | mrejaei@nstlaw.com<br>atarbania@nstlaw.com |
| Lauren Spicer, Employer's Attorney | X | lsspicer@mijs.com<br>jkprendergast@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*